[S. F. No. 2798. Department One.—June 12, 1903.]

STATE OF CALIFORNIA, by E. P. Colgan, State Controller, Appellant, v. COUNTY OF SONOMA, Respondent.

HOME FOR FEEBLE-MINDED CHILDREN—ACTION AGAINST COUNTY—INSUFFICIENT COMPLAINT.—In an action to recover against a county, under the act of 1897, for the expenses of the support and education of children ordered sent from such county to the Home for Care and Training of Feeble-Minded Children, a complaint which fails to allege that the judge making commitments or recommitments under said act made such orders as were requisite to secure the payment by the county of the monthly sums required by said act, or that the board of trustees of the home secured from the proper officers of the county any arrangement to prevent the inmates sent therefrom from being a charge upon the state, as provided for in said act, states no cause of action against the county.

APPEAL from a judgment of the Superior Court of Sonoma County. S. K. Dougherty, Judge.

Tirey L. Ford, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Appellant.

O. O. Webber, District Attorney, and A. B. Ware, for Respondent.

VAN DYKE, J.—Defendant demurred to the plaintiff's complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and plaintiff failing to amend, judgment was entered thereon, from which plaintiff appeals. The action was brought to recover from Sonoma County the expenses of maintaining upwards of thirty inmates of the California Home for the Care and Training of Feeble-Minded

Children for the period of some twenty-two months. These children had been recommitted to the home by the judge of the superior court of Sonoma County on the twelfth day of July, 1897, under and in pursuance of the provisions of the act of March 31, 1897. (Stats. 1897, p. 251.) The complaint, in the first count, states that prior to the twelfth day of July, 1897, one Letitia J. Wilson had been for some time past, down to said date, an inmate of the California Home for the Care and Training of Feeble-Minded Children, duly and regularly committed to said home as provided by law; that on the date named the said Letitia J. Wilson was, and ever since has been, and is now, a feeble-minded person, and that such proceedings were then had that the said Letitia J. Wilson was, by Albert G. Burnett, judge of the superior court of the state of California, in and for the county of Sonoma, duly and regularly recommitted to the said California Home for the Care and Training of Feeble-Minded Children; that said Letitia J. Wilson is an indigent person, and there is not, and has not been, at any of the times mentioned in this count of plaintiff's complaint, any person who is legally liable to support said inmate, and that on the date last above named, the said judge of said superior court did inquire into the financial condition of the said inmate, and of said inmate's parents, and of all other persons liable for the support of said inmate, and at said time said judge found that said inmate was not able to pay the expense, or any part or portion of the expense, of said inmate at said home, and that there was no person legally liable for the support of the said inmate; that on or about the fifteenth day of June, 1899, the plaintiff caused to be filed with the county clerk of Sonoma County a claim and account against said county of Sonoma for the sum of two hundred and twenty dollars for the expense of Letitia J. Wilson at said home from the date last above named to and including the thirtieth day of April, 1899, at the rate of ten dollars for and during each and every month and part of a month the said child remained as an inmate of said institution,—to wit, for the period of twenty-two months; that the said claim and bill was fully itemized, giving the names, dates, and particulars of the services rendered and materials furnished; and that thereafter—to wit, on July 12, 1899—the board of super-

visors of said county of Sonoma, having said claim under consideration, rejected said claim and the whole thereof, on the ground that said claim, and the whole thereof, was not a proper account; that no portion of said sum of two hundred and twenty dollars has been paid. Then follows thirty-two counts, each asking for the cost of maintenance of certain other individuals, containing similar allegations to the ones already mentioned, the claims aggregating in all the sum of $6,035.

It is provided in section 1 of the act of March, 1897, that the judge of the superior court who officiates at the commitment of the person to said home "shall make such order or orders as are requisite and proper to secure the payment by the county from which the applicant is committed, to the state treasurer, of the sum of ten dollars ($10) monthly for and during each and every month, or part of a month, the said applicant so committed remains an inmate of said institution"; and section 5 of the same act reads: "Nothing in this act must be construed as applying to, interfering with, or affecting the *status* of such inmates as may now be in the said California Home for the Care and Training of Feeble-Minded Children, under terms of life tenure, or such other inmates as may be deemed by the management as self-supporting by the value of their labor, or who may pay, or have paid for them, such sums of money as in the judgment of the management cover the cost of their support. But for all other cases the board of trustees of said home are authorized and directed to secure from the proper officers of the several counties from whence such inmates were committed or received such arrangements for recommitment under the terms of this act (or such other provision) as may secure against said inmates becoming a sole charge upon the state, and the said board of trustees are hereby further authorized to discharge, at their discretion, on or after July first, eighteen hundred and ninety-seven, any case whose support, etc., is unprovided for under the terms of this act."

The California Home for the Care and Training of Feeble-Minded Children was instituted by an act of the legislature passed in 1885. (Stats. 1885, p. 198.) In reference to the expense of the maintenance and education of the children

placed in said institution, it is provided in the eighth section of said act as follows:—

"Sec. 8. All imbecile and feeble-minded children, between the ages of five and eighteen years, who have been residents of the state for one year, and who are incapable of receiving instructions in the common schools, shall be received into the home, and maintained and educated at the expense of the state; but the expenses of maintaining, supporting, clothing, and of traveling, shall be paid by the parents or parties sending them, if such parents or parties are able to pay them, otherwise these expenses shall be borne by the state."

In 1887 another act was passed relating to said institution, superseding and repealing the act of 1885, and in reference to the expense of the education and support of the children in said institution, it is therein provided (sec. 87) as follows:—

"The court or judge shall also inquire into the financial condition of the parent, or guardian, or person charged with the support of such child, and if he find him able, in whole or in part, to pay the expenses of such child at said home, he shall make a further order requiring such parent, guardian, or person charged with the support of said child, to pay to the said home, at stated periods, such sum as in the opinion of the court or judge thereof he may deem proper, during such time as the child may remain in said home. This order may be enforced by such order or orders as the court or judge thereof may deem necessary, and may be varied, altered, or revoked, in the discretion of the court or judge thereof. But the board may return to its parent or guardian any child who has been an inmate of said home for the period of two months."

It will be seen, therefore, that neither the act of 1885, establishing said institution, nor the act of 1887, revising and superseding the former act, contained any provision in reference to the expense of the education and support of the inmates of said institution being a charge on the county from which they were sent. The provisions in the act of 1897, above set forth, are the only ones wherein it is attempted to impose upon the counties from which the inmates of the institution are sent the expense of the support and education of the same.

And in this case it appears by the act that the judge of the superior court officiating at the commitment shall first make the requisite order, to secure the payment by the county from which the applicant is committed. There is no allegation in the complaint here that the judge of the superior court officiating at the recommitment made any order whatever in reference to the payment by the county, or otherwise, of the expenses of maintaining such persons so committed. Nor is there any allegation that the board of trustees of said home ever secured from the proper officers of the defendant county from which said persons were committed any arrangements whatever in reference to the terms upon which they were committed, so as to prevent said inmates from becoming a charge upon the state. The complaint, therefore, failed to state a cause of action against the defendant county.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.